IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PAUL KOLKER,<br><br>        Plaintiff<br><br>        v.<br><br>CHARLES HURWITZ, et al.,<br><br>        Defendants | CIVIL NO. 09-1895 (JP) |

## OPINION AND ORDER

Before the Court are: (1) Defendants Jaime Morgan Stubbe, Jochefi Morgan, Surfside Development Corporation, and Palmas del Mar Properties, Inc.'s motion to dismiss (**No. 38**) the complaint against them and for attorneys' fees; (2) Defendants Charles Hurwitz and Barbara Hurwitz's motion to dismiss (**No. 43**) the complaint against them for insufficient service; (3) Plaintiff Paul Kolker's motion to strike (**No. 39**) Defendants' request for sanctions; (4) Plaintiff's motion to amend the complaint (**No. 49**); and (5) Plaintiff's motion (**No. 63**) tendering the second amended complaint. Also before the Court are the numerous oppositions, replies, and sur-replies filed by the parties (Nos. 40, 41, 46, 47, 52, 57, 59, 62 and 68). For the reasons stated herein, the Court: (1) **FINDS AS MOOT** Defendants Jaime Morgan Stubbe, Jochefi Morgan, Surfside Development Corporation, and Palmas del Mar Properties, Inc.'s motion to dismiss (**No. 38**); (2) **GRANTS** Defendants Charles Hurwitz and Barbara Hurwitz's motion

CIVIL NO. 09-1895 (JP)            -2-

to dismiss (**No. 43**); (3) **FINDS AS MOOT** Plaintiff's motion to strike (**No. 39**); (4) **GRANTS** Plaintiff's motion to amend the complaint (**No. 49**); and (5) **DENIES** Plaintiff's motion (**No. 63**) tendering the second amended complaint.

I. **FACTUAL ALLEGATIONS**

On or about 1985, Plaintiff Paul Kolker ("Kolker") and his wife purchased lot 19 in the community Surfside in Palmas del Mar. They purchased said lot with the idea of building a vacation home. However, Plaintiff and his wife never built the vacation home because Plaintiff's wife became ill and passed away in 1992.

Kolker occasionally visited Palmas del Mar after his wife's death and noticed that Defendant Charles Hurwitz ("Hurwitz") had cemented over a portion of the green area in front of Hurwitz's residence to build a pool and gazebo. Also, Hurwitz installed a generator and a large garbage receptacle in the green area adjacent to Kolker's property. Defendants Surfside Development Corporation and Hurwitz did not seek and/or receive Kolker's consent to the acts committed by Defendants in the covenanted green area.

In January 2007, Kolker spoke with an architect in New York seeking a recommendation for an architect to update the original plans created by Kolker and his wife for lot 19. Kolker interviewed two architects in Puerto Rico. Shortly thereafter, Hurwitz called Kolker in order to seek his permission to add further structures in

CIVIL NO. 09-1895 (JP)            -3-

the green area adjacent to lot 19.  Kolker denied Hurwitz's request because the restrictive covenants preserving the existing green area had been determinative in his decision to purchase lot 19.  During the same time period, Kolker met with the Palmas del Mar Architectural Review Board and informed them of his objections to Hurwitz's adverse possession of the covenanted green areas.

In the complaint, Plaintiff states that the Deed for Palmas del Mar provides for "Open Space Restrictions, the purpose of which are to Project the vegetation, maintain and enhance the conservation of natural and scenic resources, promote the conservation of soils, wetlands, beaches, wildlife, game and migratory birds, and enhance the value of the abutting and neighboring residen[ces] adjacent to such natural reservations . . . ."  The restrictive covenant is to last fifty years from the signing of the deed in 1994.  Plaintiff believes the acts by Hurwitz with regard to the restricted green areas violate the covenant.  As a result of said concern, Kolker put his building plans on hold.

Plaintiff further alleges that, in January 2007, Hurwitz, through Palmas Realty Corporation, tried to coerce Kolker to accept the breach of the covenant by offering him lesser properties.  The properties offered did not posses the 280-degree view and untouched green area found in lot 19.  As such, Kolker declined the offers.

CIVIL NO. 09-1895 (JP)          -4-

On July 21, 2009, Defendant Palmas del Mar Properties, Inc. sent Kolker a letter stating that Kolker had unreasonably withheld his consent to allow construction of the green area.  The letter also stated that the proposed construction would not obstruct Kolker's view.  Kolker responded with a letter correcting what he perceived to be misstatements made by Defendants and informing Defendants of the previous acts by Hurwitz which Plaintiff believed were violations of the covenant.  The parties continued to exchange correspondence and met with each other in the hopes of resolving their disagreements.

On September 2, 2009, Kolker saw that someone had marked for construction certain portions of the green areas.  Kolker stated that it was probable Hurwitz marked said areas.  On the next day, Kolker met with, among others, Hurwitz, Defendant Jaime Morgan, and counsel. The proposed new structure was described as a 30 foot by 30 foot gazebo with a kitchenette and a bathroom in the green area directly in front of Kolker's proposed house.  Kolker suggested different alternatives, but no agreement could be reached.

Kolker then filed the complaint in this case on September 4, 2009. He later amended the complaint. Said amended complaint brings four causes of action.  The first cause of action seeks a declaratory judgment that the existing pool, gazebo, generator, and garbage receptacle are in breach of the Palmas Master Plan and Puerto Rico

CIVIL NO. 09-1895 (JP)          -5-

law.  The second cause of action seeks to enjoin Defendants from using the existing structures and building additional structures in the covenanted green areas because the existing and proposed structures violate Puerto Rico law and the Palmas Master Plan.  Said cause of action is brought pursuant to Article 28(a) of the Organic Act of the Puerto Rico Regulations and Permits Administration ("ARPE"), P.R. Laws Ann. tit. 23, § 72(a).  The third cause of action charges that the existing structures constitute a breach of contract. Lastly, the fourth cause of action requests damages pursuant to Puerto Rico's tort action statute, P.R. Laws Ann. tit. 31, § 5141.

## II.  LEGAL STANDARD FOR A MOTION TO DISMISS

According to the Supreme Court, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007).  As such, in order to survive a motion to dismiss, a complaint must state a claim to relief that is plausible on its face, not merely conceivable.  Id. at 1974. The Court of Appeal for the First Circuit has interpreted Twombly as sounding the death knell for the oft-quoted language of Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Rodríguez-Ortiz v. Margo Caribe,

CIVIL NO. 09-1895 (JP)          -6-

Inc., 490 F.3d 92, 94-95 (1st Cir. 2007), quoting <u>Twombly</u>, 127 S. Ct. at 1969.  Still, a court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff."  <u>Rumford Pharmacy, Inc. v. City of East Providence</u>, 970 F.2d 996, 997 (1st Cir. 1992).

### III. **ANALYSIS**

Defendants move for the Court to dismiss Plaintiff's complaint. Specifically, Defendants Charles Hurwitz and Barbara Hurwitz argue that Plaintiff has failed to properly serve them.  Defendants Jaime Morgan Stubbe, Jochefi Morgan, Surfside Development Corporation, and Palmas del Mar Properties, Inc. argue that Plaintiff has failed to state a claim upon which relief can be granted.  Also, Defendants argue that Plaintiff's allegations warrant that Plaintiffs pay Defendants' attorney's fees.  The Court will now consider Defendants' arguments.

#### A.   **Failure to Properly Serve**

In the instant case, Plaintiffs attempted to serve Defendants Charles Hurwitz and Barbara Hurwitz by having Joe Barak leave copies of the complaint and summons with a security guard at the entrance of their apartment complex.  Defendants argue that this attempt by Plaintiff does not comply with the applicable rules and, as such, the action should be dismissed pursuant to Federal Rule of Civil Procedure ("FRCP") 12(B)(5).

CIVIL NO. 09-1895 (JP)          -7-

When serving an individual within a judicial district of the United States, process can served by following the laws of the jurisdiction where either the district court sits or where service is made. Fed. R. Civ. P. 4(e)(1). Also, service could be made by either: (1) delivering a copy of the summons and of the complaint to the individual personally; (2) leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (3) delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(2).

### 1.   **Service Under FRCP 4(e)(1)**

Under FRCP 4(e)(1), service would have to be made, in this case, under the laws of either Puerto Rico or Texas because this Court is located in the District of Puerto and because service was attempted on Defendants Charles Hurwitz and Barbara Hurwitz in Texas.

#### *i.   Puerto Rico Laws*

Under the Puerto Rico Rules of Civil Procedure, Plaintiff could have served Defendants under Rules 4.5 and 4.7.[1] Said rules provide for service of process upon a nonresident by publication of an edict

---

1.   Also, even assuming, without deciding, that Plaintiff can personally serve nonresident Defendants under Puerto Rico Rules 4.3 and 4.5, Plaintiff failed to properly serve Defendants under said rules because Plaintiff has not shown that his process server (No. 35) is either a marshal of the state of Texas, an attorney, or that he was appointed by the Court to serve the summons on Defendants. P.R. Laws Ann. tit. 32, App. III R. 4.3 and 4.5.

CIVIL NO. 09-1895 (JP)          -8-

in a newspaper of general circulation in Puerto Rico and by mailing a copy of the summons and complaint to Defendant by certified mail with acknowledgment of receipt within ten days of the edict being published. P.R. Laws Ann. tit. 32, App. III R. 4.5 and 4.7.

In the instant case, Plaintiff sought, and was granted, permission to serve Defendants Charles Hurwitz and Barbara Hurwitz by publication (No. 11 and 12). However, Plaintiff has failed to present evidence that the edict was in fact published. Moreover, Plaintiff has not submitted evidence that he sent Defendants a copy of the summons and complaint by certified mail with acknowledgment of receipt.[2] As such, Plaintiff has not complied with the Puerto Rico rules on service of process.

### ii. Texas Laws

Pursuant to the Texas Rules of Civil Procedure, service is made by either delivering a copy of the summons and complaint to Defendant personally or by mailing a copy of each to Defendant by registered or certified mail return receipt requested. See Tex. R. Civ. P. 106(a). When Plaintiff is unable to personally serve Defendant, the rules provide for service by either leaving a copy of the complaint and summons with anyone over sixteen years of age at

---

2.   Also, even if Plaintiff has published the edict, the service would be effective only as to the original complaint because Plaintiff amended his complaint (Nos. 13 and 15) after leave was granted for service by publication. As such, Plaintiff needed to serve process again. P.R. Laws Ann. tit. 32, App. III R. 4.5 ("If the complaint is amended at any time before the appearance of the defendant summoned by publication, said amended complaint shall be served on him/her in the manner provided by the applicable rule of service").

CIVIL NO. 09-1895 (JP)          -9-

Defendant's usual place of business or usual place of abode, or in any other manner that will be reasonably effective to give Defendant notice of the suit. See Tex. R. Civ. P. 106(b). However, to effect service under Texas Rule 106(b), Plaintiff must file an affidavit showing his unsuccessful attempts to serve process upon Defendant under Texas Rule 106(a), and must receive Court authorization. Id.

In the instant case, Plaintiff has presented no evidence that he has either personally served Defendants Charles Hurwitz and Barbara Hurwitz, or mailed copy of the complaint and summons to Defendants by registered or certified mail return receipt requested. Tex. R. Civ. P. 106(a). Also, in this case, Plaintiff has not obtained leave from Court to serve Defendants through Texas Rule 106(b). Plaintiff has therefore not complied with the Texas rules for service of process. Thus, the Court finds that Plaintiff has not served Defendants Charles Hurwitz and Barbara Hurwitz properly under FRCP 4(e)(1).

### 2. Service Under FRCP 4(e)(2)

Under FRCP 4(e)(2), service can be made by either: (A) delivering a copy of the summons and the complaint to the individual personally; (B) leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of the summons and complaint to an agent

CIVIL NO. 09-1895 (JP)          -10-

authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(2).

### *i.  Personal Service*

In the instant case, there is no evidence, and Plaintiff does not argue, that Defendants Charles Hurwitz and Barbara Hurwitz were personally served. As such, the Court determines that service of process was not made pursuant to FRCP 4(e)(2)(A).

### *ii.  Leaving Copy at Individual's Dwelling or Usual Place of Abode with Someone of Suitable Age and Discretion who Resides There*

Plaintiff argues that service was appropriate when Plaintiff's process server left a copy of the summons and the complaint with the security guard in Defendants Charles Hurwitz and Barbara Hurwitz's apartment complex because the individual had an obligation to notify Defendants. 131 Main Street Associates v. Manko, 897 F. Supp. 1507 (S.D.N.Y. 1995); 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1096 (3d ed.).

Defendants counter that Plaintiff did not comply with FRCP 4(e)(2)(B) when the process server left the complaint and summons with the security guard. Also, Defendants argue that the case and treatise cited by Plaintiff does not support his contention that service was proper in this case.

After considering the arguments, the Court agrees with Defendants. Plaintiff did not adhere to FRCP 4(e)(2)(B). The

```
CIVIL NO. 09-1895 (JP)          -11-
```

treatise and case cited by Plaintiff does not support his contention that service was performed correctly in this case. The treatise cited by Kolker indicates that under some circumstances leaving a copy of the summons and complaint with a building manager and/or landlord may be sufficient to satisfy the requirements of FRCP 4(e)(2)(B). 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1096 (3d ed.). However, the key to whether service is sufficient in these cases is whether the person who receives the complaint and summons has an obligation to relay the information to the tenants or guests. Id. ("This obligation to relay information to guests and occupants-if it can be established to some degree of certainty-should be a sufficient basis for distinguishing those cases in which service has been disallowed when left with a resident of a multiple unit dwelling who is not living in the defendant's place of abode."). In the instant case, Plaintiff merely concludes without presenting evidence or argumentation that the security guard here, like the doorman in the Manko case, has an obligation to relay such information to tenants.

  The Court does not agree with Plaintiff's conclusion and finds that the Manko case relied on by Plaintiff is distinguishable from this case based on the information before the Court. The employee who received the summons and complaint in Manko had been authorized to accept and sign for all deliveries to the building's tenants.

CIVIL NO. 09-1895 (JP)            -12-

<u>Manko</u>, 897 F. Supp. at 1524-25.  Similarly, other cases have relied on the need of some form of similar authorization, whether express or by customary practice, to receive correspondence on behalf of the building tenants.  <u>See</u>, <u>e.g.</u>, <u>Churchill v. Barach</u>, 863 F. Supp. 1266, 1271 (D. Nev. 1994); <u>Hartford Fire Insurance Company v. Perinovic</u>, 152 F.R.D. 128, 131 (N.D. Ill. 1993).

In the instant case, and unlike the doorman in <u>Manko</u>, there is no evidence or argumentation supporting a finding that the security guard had any authority to accept and sign for deliveries to the Hurwitz's residence or that the security guard at the Hurwitz's residence had a duty to inform Defendants of any correspondence received. Without said evidence or argumentation, the Court finds that the security guard here did not have a duty to inform Defendants of the summons and complaint left by Plaintiff's process server. Accordingly, Plaintiff's attempt to serve process on Charles Hurwitz and Barbara Hurwitz is not sufficient to satisfy the requirements of FRCP 4(e)(2)(B).

### *iii. Authorized Agent*

In the instant case, there is also no evidence that Plaintiff has served the summons and complaint to an agent authorized by appointment or by law to receive service of process.  The only argument by Plaintiff in any part of the docket related to this is that Defendants' attorney refused to accept service on Charles

CIVIL NO. 09-1895 (JP)          -13-

Hurwitz and Barbara Hurwitz behalf (No. 11).  However, no evidence has been presented that Charles Hurwitz and/or Barbara Hurwitz have either appointed or authorized their attorney to receive service on their behalf.  Fed. R. Civ. P. 4(e)(2)(C); 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1097 (3d ed.). As such, Plaintiff has failed to serve process pursuant to FRCP 4(e)(2)(C).

Accordingly, the Court finds that Plaintiff has failed to properly serve Defendants Charles Hurwitz, Barbara Hurwitz, and the conjugal partnership formed between them.  Thus, the Court will dismiss the complaint without prejudice against said Defendants.

**B.   Failure to State a Claim upon which Relief can be Granted**

Defendants Jaime Morgan Stubbe, Jochefi Morgan, Surfside Development Corporation, and Palmas del Mar Properties, Inc. moved to dismiss (**No. 38**) the complaint against them for failure to state a claim upon which relief can be granted.  Plaintiff opposed the motion (No. 41) and also moved to amend the complaint (**No. 49**). Defendants opposed the proposed amendment (No. 57) to the complaint and filed a reply to Plaintiff's opposition to the motion to dismiss (No. 47).  Plaintiff then filed a reply (No. 62) to Defendants' opposition to his motion to amend the complaint.

Under FRCP 15, a Plaintiff can amend its complaint "once as a matter of course within" the deadlines set by the federal rules. See

CIVIL NO. 09-1895 (JP)          -14-

Fed. R. Civ. P. 15(a)(1). "In all other cases, a [Plaintiff] may amend its [complaint] only with the opposing party's written consent or the court's leave." <u>See</u> Fed. R. Civ. P. 15(a)(2). Leave should be given freely "when justice so requires." <u>Id.</u> In this case, Plaintiff requires leave from Court to amend the complaint because Plaintiff has already amended the complaint once (No. 15).

Plaintiff argues that in the instant case the Court should grant leave to amend the complaint because of the early stage of the proceedings and because Defendants will not be prejudiced. Also, Plaintiff argues that the amended complaint would correct the deficiencies pointed out by Defendants in the motion to dismiss. Defendants oppose the motion to amend arguing that the attached amended complaint should not be allowed because it is titled "Draft" and because Plaintiff did not submit a sworn statement to the effect that the allegations contained in the "Draft" are true. As such, Defendants believe that because of the labeling of the tendered amended complaint as "Draft" and the lack of the sworn statement, Plaintiff intends to submit a different complaint if the Court grants leave.

After considering the arguments, the Court **GRANTS** leave to amend the complaint. In the instant case, the Court is satisfied that at such an early stage in the proceedings Plaintiff should be afforded

CIVIL NO. 09-1895 (JP)         -15-

another opportunity to amend the complaint.  Defendants will suffer no prejudice from permitting the amendment.[3]

However, because of the Court's decision to dismiss the complaint against Charles Hurwitz and Barbara Hurwitz, the Court **DENIES** the motion (**No. 63**) submitting the proposed amended complaint. Plaintiff **SHALL** re-submit the amended complaint on or before June 11, 2010.  In said amended complaint, Plaintiff **SHALL** remove Defendants Charles Hurwitz, Barbara Hurwitz, and their conjugal partnership as Defendants in the action.

Furthermore, in light of the amendments to the complaint, it appears that the deficiencies pointed out in Defendants' motion to dismiss (No. 38) have been cured.  As such, Defendants' motion (**No. 38**) to dismiss and for attorneys' fees is **MOOT**.[4]

### IV. <u>CONCLUSION</u>

Thus, the Court **GRANTS:** (1) Defendants Charles Hurwitz and Barbara Hurwitz's motion to dismiss (**No. 43**) the complaint against them for insufficient service of process; and (2) Plaintiff Paul Kolker's motion (**No. 49**) to amend the complaint.  Also, the Court **FINDS AS MOOT:** (1) Defendants Jaime Morgan Stubbe, Jochefi Morgan,

---

3. The Court notes that the concerns raised by Defendants regarding the intent of Plaintiff to continue to amend the complaint have been resolved by Plaintiff's subsequent motion (No. 63) re-submitting the proposed amended complaint without the "Draft" label and with the sworn statement.

4. Also, because Defendants' motion for attorneys' fees is moot, the subsequent motion (**No. 39**) by Plaintiff to strike the motion for attorneys' fees is also **MOOT**.

CIVIL NO. 09-1895 (JP)            -16-

Surfside Development Corporation, and Palmas del Mar Properties, Inc.'s motion to dismiss (**No. 38**) the complaint against them and for attorneys' fees; and (2) Plaintiff Paul Kolker's motion to strike (**No. 39**) Defendants' request for sanctions.

Lastly, the Court **DENIES** Plaintiff's motion (**No. 63**) submitting the amended complaint.  Plaintiff **SHALL** re-file the complaint in accordance with this Opinion and Order.  The Court will enter a separate Partial Judgment dismissing the claims against Defendants Charles Hurwitz, Barbara Hurwitz, and their conjugal partnership without prejudice.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 31st day of May, 2010.

                                              s/Jaime Pieras, Jr.
                                                JAIME PIERAS, JR.
                                     U.S. SENIOR DISTRICT JUDGE