```
                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| PAUL KOLKER,<br><br>    Plaintiff<br><br>    v.<br><br>CHARLES HURWITZ, et al.,<br><br>    Defendants | CIVIL NO. 09-1895 (JP) |

## OPINION AND ORDER

Before the Court are Defendants Jaime Morgan-Stubbe, Jochefi Morgan, Surfside Development Corporation ("Surfside"), and Palmas del Mar Properties, Inc.'s ("PDMPI") motion to dismiss (**No. 74**) the complaint against them and for attorneys' fees, Plaintiff Paul Kolker's ("Kolker") opposition thereto (No. 75), Defendants' reply (No. 79), and Plaintiff's sur-reply (No. 82). Plaintiff brings this action based on diversity jurisdiction alleging violations of Puerto Rico law. For the reasons stated herein, Defendants' motion is hereby **GRANTED IN PART AND DENIED IN PART.**

### I.   FACTUAL ALLEGATIONS

On or about 1985, Plaintiff Kolker ("Kolker") and his wife purchased lot 19 in the community Surfside in Palmas del Mar (the "lot"). They purchased the lot with the idea of building a vacation home. At the time of their purchase, said lot was allegedly subject to a restrictive covenant, Deed Number 4 of January 31, 1974 before Notary Guillermo A. Niglagioni (the "restrictive covenant"). The

CIVIL NO. 09-1895 (JP)           -2-

primary value of the lot was its location because it is ensconced in a cove with adjacent land, which was guaranteed to remain natural and free of all structures in the absence of the owner's explicit consent. The restrictive covenant provided Kolker with the guarantee that his view would never be obstructed and that no one would build where there were open space easements.

Kolker alleges that he spoke with architect Esteban Padilla ("Padilla") in order to have plans drawn up for the dwelling he and his wife envisioned. Padilla drafted plans emphasizing the natural beauty of the lot and the 280-degree view afforded by the lot's location. However, Plaintiff and his wife never built the vacation home because Plaintiff's wife became ill and passed away in 1992. After many years, Kolker decided to revisit the plans to build a house on the lot.

After his wife passed away and prior to revisiting the plans to build a house on the lot, Kolker occasionally visited Palmas del Mar and noticed that Charles Hurwitz[1] ("Hurwitz") had allegedly breached the restrictive covenant by cementing over a portion of the green area in front of Hurwitz's residence to build a pool and gazebo. Also, Hurwitz allegedly installed a generator and a large garbage receptacle in the green area adjacent to Kolker's property. Plaintiff alleges that Defendant Surfside and Hurwitz did not seek

---

1.   Hurwitz was previously a Defendant in this case. However, he was dismissed from this case because Plaintiff failed to properly serve him.

CIVIL NO. 09-1895 (JP)          -3-

and/or receive Kolker's consent for the destruction of the covenanted green area.

Kolker alleges that, in January 2007, he spoke with an architect in New York seeking a recommendation for an architect to update the original plans created by Kolker and his wife for the lot. Kolker interviewed two architects in Puerto Rico. Shortly thereafter, Hurwitz allegedly called Plaintiff Kolker to seek his permission to add further structures in the green area adjacent to the lot. Plaintiff alleges that Hurwitz did not state that he was acting on behalf of a corporate entity, but instead indicated that he was the person with the intention of building. Kolker denied Hurwitz's request because the restrictive covenant preserving the existing green area had been determinative in his decision to purchase the lot. During the same time period, Kolker allegedly met with the Palmas del Mar Architectural Review Board and informed them of his objections to Hurwitz's adverse possession of the covenanted green areas.

The deed for Palmas del Mar allegedly provides for "Open Space Restrictions, the purpose of which are to Pro[t]ect the vegetation, maintain and enhance the conservation of natural and scenic resources, promote the conservation of soils, wetlands, beaches, wildlife, game and migratory birds, and enhance the value of the abutting and neighboring residen[ces] adjacent to such natural reservations . . . ." Allegedly, the restrictive covenant is to last

CIVIL NO. 09-1895 (JP)            -4-

fifty years from the signing of the deed in 1996 with an automatic renewal of ten years unless a majority of the affected property holders agree to alter the covenants.  Said deed transferred title from Caribe Canal Corporation to PDMPI.  Also, the 1996 deed allegedly makes specific reference to the restrictive covenant.

Plaintiff alleges that the open space restrictions provide that no construction is to occur in property not deeded to individual landowners with some minor exceptions that are not relevant to this case.  The land on which Defendants have built and on which they propose to build is allegedly not deeded to any individual landowner.  Plaintiff states that the acts by Defendants with regard to the restricted green areas violate the restrictive covenant.  As a result of said concern, Plaintiff put his building plans on hold.

Plaintiff further alleges that, in January 2007, Hurwitz, through Palmas Realty Corporation, tried to coerce Kolker to accept the breach of the restrictive covenant by offering him lesser properties.  The properties offered did not posses the 280-degree view and untouched green area offered by the lot.  As such, Kolker declined the offers.

On July 21, 2009, Defendant PDMPI allegedly sent Kolker a letter stating that Kolker had unreasonably withheld his consent to allow Defendants to breach the restrictive covenant.  The letter also stated that PDMPI had specific plans drawn up, which its representative, presumably Hurwitz, had shown to Evelio Pina

CIVIL NO. 09-1895 (JP)          -5-

("Pina"), an architect that Kolker considered hiring.  Plaintiff alleges that said letter incorrectly stated that Pina had indicated that the proposed destruction of a portion of the green area and the construction of structure would not obstruct Kolker's view.  Kolker responded with a letter correcting what he perceived to be misstatements and suggesting a meeting to attempt to reach some form of compromise.  Also, in said letter, Kolker allegedly put Defendants on notice of his objections to Hurwitz's prior breach of the restrictive covenant when he destroyed the green areas to construct a gazebo, swimming pool, generator and garbage receptacle.

Plaintiff's attorney met with Defendants' architect, Thomas Marvel ("Marvel"), on August 11, 2009.  Marvel allegedly stated that Hurwitz intended to build two additional structures in the green areas, a guest house and either another gazebo or an entertainment center.  Marvel suggested that, if Kolker saw the areas where the proposed structures were to be placed on the green areas, Plaintiff would agree that he would not be harmed by the construction of the proposed structures.  Kolker made plans to be in Puerto Rico on September 2 and 3, 2009 to inspect the land.  Prior to Kolker arriving in Puerto Rico to examine the land, Kolker exchanged various communications with Hurwitz.  Plaintiff alleges that, in their communications, Hurwitz never stated that Surfside intended to build on the land, but instead stated that he intended to build on the land.

CIVIL NO. 09-1895 (JP)            -6-

On September 2, 2009, Kolker drove to his lot and walked around the lot and the green area surrounding it.  Kolker met with Hurwitz, Hurwitz's attorney, Marvel, and Jaime Morgan-Stubbe on September 3, 2009.  At said meeting, Marvel described Hurwitz's plan to build a 30-foot by 30-foot gazebo with a kitchenette and bathroom in the open space area directly in front of Kolker's proposed house. When Kolker asked to see the plans, Hurwitz allegedly denied that any plans existed.  Kolker alleges that he suggested different alternatives, but no agreement could be reached.  Kolker then filed the complaint in this case on September 4, 2009.  After the complaint was filed, PDMPI allegedly identified Surfside as the real owner of the property adjacent to the lot.

The complaint was later amended on two occasions.  The final amended complaint brings four causes of action.  The first cause of action seeks a declaratory judgment determining that the existing alleged breaches of the restrictive covenant are illegal.  The second cause of action, brought under Article 28(a) of ARPE's Enabling Act, P.R. Laws Ann. tit. 23, § 72(a) ("Section 72(a)"), seeks to enjoin Defendants from using the existing structures and from building additional structures in the covenanted green areas because the existing and proposed structures violate Puerto Rico law and the restrictive covenant.  The third cause of action charges that the existing structures constitute a breach of contract.  Lastly, the

CIVIL NO. 09-1895 (JP)          -7-

fourth cause of action requests damages pursuant to Puerto Rico's tort action statute, P.R. Laws Ann. tit. 31, § 5141.

## II. **LEGAL STANDARD FOR A MOTION TO DISMISS**

According to the Supreme Court, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007).  As such, in order to survive a motion to dismiss, a complaint must state a claim to relief that is plausible on its face, not merely conceivable. Id. at 1974. The Court of Appeal for the First Circuit has interpreted Twombly as sounding the death knell for the oft-quoted language of Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 94-95 (1st Cir. 2007) (quoting Twombly, 127 S. Ct. at 1969).  Still, a court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 997 (1st Cir. 1992).

## III. **ANALYSIS**

Defendants move for the Court to dismiss Plaintiff's complaint. Specifically, Defendants argue that: (1) Plaintiff failed to establish a claim under the declaratory judgment act; (2) Plaintiff

CIVIL NO. 09-1895 (JP)          -8-

failed to establish a violation under Section 72(a) because Plaintiff failed to establish why the existing structures violate the applicable regulation and because Section 72(a) cannot be used to enforce the restrictive covenant; (3) Plaintiff failed to state a cause of action for his contract claims by failing to provide sufficient facts to support his claim that the existing structures are illegal; (4) Plaintiff's tort claim fails because he failed to state a cause of action and because it is time-barred; and (5) Plaintiff has failed to allege any acts or omissions by certain Defendants giving rise to liability.  Also, Defendants argue that Plaintiff's allegations warrant that Plaintiffs pay Defendants' attorneys' fees.  Plaintiff opposes the arguments.[2]  The Court will now consider the parties' arguments.

### A.   Declaratory Judgment

In its complaint, Plaintiff requests a declaratory judgment determining that the existing structures built by Defendants breach the restrictive covenant.  No request for a declaratory judgment is made by Plaintiff regarding the proposed structures.

Defendants argue that Plaintiff cannot succeed under his cause of action because declaratory judgments are procedural and,

---

2.   The Court notes that, in its opposition, Plaintiff attempts to indirectly amend the complaint by raising new facts which were not alleged in the complaint. No request was made by Plaintiff to amend the complaint.  As such, the Court will not consider any facts not found in the complaint.  The Court finds it particularly troubling that after two amendments to the complaint Plaintiff has still failed to plead all the facts he considers relevant to the instant action.

CIVIL NO. 09-1895 (JP)          -9-

therefore, in a diversity action such as this one federal procedural law should control. As such, Defendants argue that the applicable source of law should be the Declaratory Judgment Act, 28 U.S.C. § 2201(a), which does not provide for relief in cases like this one where the damages have already been suffered. Plaintiff counters by stating that his request for declaratory relief is not brought under the Declaratory Judgment Act. Instead, Plaintiff states that because this is a diversity case he brings his claim under Puerto Rico law.[3]

Puerto Rico law provides for declaratory judgments under Puerto Rico Rule of Civil Procedure 59.1., P.R. Laws Ann. tit. 32, App. III R. 59.1. However, a federal court sitting in diversity applies the substantive law of the forum state and federal procedural rules. E.g. Erie R. Co. v. Tompkins, 304 U.S. 64 (1938); Hoyos v. Telecorp Comm., Inc., 488 F.3d 1, 5 (1st Cir. 2007).

The Declaratory Judgment Act is procedural in nature and creates no substantive rights. See e.g. Farmers Alliance Mut. Ins. Co. v. Jones, 570 F.2d 1384, 1386 (10th Cir. 1978); Bourazak v. North River Ins. Co., 379 F.2d 530, 533 (7th Cir. 1967) ("The Declaratory Judgment Act created no new rights, but rather created a new remedy with which to adjudicate existing rights"); Maryland Casualty Co. v.

---

3. In its opposition to the motion to dismiss, Plaintiff incorrectly cites to P.R. Laws Ann. tit. 32, § 2991 as the applicable Puerto Rico law that allows him to seek a declaratory judgment. Plaintiff is incorrect in citing to this statute since it has been repealed. However, Puerto Rico law does allow courts to grant declaratory judgments under Puerto Rico Rule of Civil Procedure 59.1. As such, the Court will examine Plaintiff's argument under the correct rule.

CIVIL NO. 09-1895 (JP)          -10-

Boyle Const. Co., 123 F.2d 558, 565 (4th Cir. 1941) (noting that "federal declaratory judgment act is an important development in procedural law"). As such, the Court will apply the federal Declaratory Judgment Act to the instant action.

Under the Declaratory Judgment Act,[4] Plaintiff's cause of action fails because Plaintiff cannot rely only on the past harm allegedly caused by Defendants when they constructed the existing structures as the basis for requesting a declaratory judgment. Fieger v. Ferry, 471 F.3d 637, 643 (6th Cir. 2006) ("In the context of a declaratory judgment action, allegations of past injury alone are not sufficient"); McCormick v. School Dist. of Mamaroneck, 370 F.3d 275, 284 (2d Cir. 2004); see also Gruntal & Co., Inc. v. Steinberg, 837 F. Supp. 85, 89 (D.N.J. 1993) (finding that declaratory relief is inappropriate solely to adjudicate past conduct). Since Plaintiff is only requesting a declaratory judgment related to the alleged past breach by Defendants, the Court finds that Plaintiff's request fails.

**B.   Section 72(a)**

Section 72(a) states:

> Whenever a sworn petition is presented to a judge of the Court of First Instance of Puerto Rico by a person . . . entitled thereto, identifying a building or a house, sign

---

4.  The Declaratory Judgment Act states "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

CIVIL NO. 09-1895 (JP)          -11-

> or advertisement, alleging that the same is being constructed, installed, erected, displayed, maintained, enlarged, repaired, removed, altered, reconstructed, used or demolished in violation of this chapter or of the applicable regulations, plans or plats, specifying the acts which constitute such violation and identifying the person or persons who are committing the violation in question, the court shall issue a provisional order addressed to said persons requiring them to stop the work or use or installation to which the petition refers, immediately, under penalty of contempt, until their right is judicially aired.

P.R. Laws Ann. tit. 23, § 72(a).

In the complaint, Plaintiff alleges that Section 72(a) is triggered by Defendants' existing and proposed structures that are in violation of: (1) Section 3.05 of Regulation 17 of the Puerto Rico Planning Board ("Section 3.05"); and (2) the restrictive covenant. As such, Plaintiff requests that the Court order Defendants to stop the use of the existing structures, and to cease and desist from all plans to build the proposed structures and any other structures that would violate Section 3.05 and the restrictive covenant. Defendants move to dismiss this cause of action.

### 1. *Section 3.05*

Plaintiff states that Section 3.05 requires a separation of twenty meters parallel to the beach in every construction project of a building which is bordered by a coast or a beach. Defendants argue that this cause of action fails because Plaintiff has failed to put forth sufficient facts. After considering the arguments and taking Plaintiff's well-pled allegations as true, the Court finds that

CIVIL NO. 09-1895 (JP)          -12-

Plaintiff has pled sufficient facts to state a cause of action. Plaintiff has clearly pled that the existing structures have been built and the proposed structures would be built in violation of Section 3.05. As such, Defendants' argument fails.

### *2. Restrictive Covenant*

Defendants argue that Plaintiff cannot rely on the alleged violation of the restrictive covenant as the basis for his claim under Section 72(a).

After considering the arguments, the Court agrees with Defendants. Contrary to Plaintiff's contention, Section 72(a) is not intended to enforce private restrictions such as the restrictive covenant in this case. Luan Investment Corp. v. Román, 125 D.P.R. 533, 544 (1990). Plaintiff attempts to get around the clear mandate of the Puerto Rico Supreme Court by arguing that Luan is distinguishable from this case because here both the regulation, Section 3.05, and the restrictive covenant coincide. Said argument fails because the distinction pointed to by Plaintiff in no way affects the reasoning of the Puerto Rico Supreme Court in Luan.[5] As such, Plaintiff's argument fails.

Accordingly, the Court finds that Plaintiff has presented sufficient facts to support his Section 72(a) claim based on the

---

5. Plaintiff also attempts to rely on Asociacion de Residentes de Baldrich, Inc. v. Junta de Planificacion de Puerto Rico, 118 D.P.R. 759 (1987). Plaintiff's reliance is misplaced as said case is completely irrelevant to the dispute before the Court.

CIVIL NO. 09-1895 (JP)        -13-

alleged violation of Section 3.05. However, Plaintiff's Section 72(a) claim based on the alleged violation of the restrictive covenant fails.

### C. Breach of Contract

Defendants argue that Plaintiff has failed to state a cause of action on his breach of contract claim. Plaintiff opposes the request by arguing that he has put forth sufficient facts to support his breach of contract claim.[6] Defendants' argument is unavailing. In his complaint, Plaintiff has alleged that Defendants built the existing structures in the green areas surrounding the lot. Plaintiff has also alleged that the restrictive covenant prevents building said structures on the green areas surrounding the lot. As such, the Court finds that Plaintiff has alleged sufficient facts for the Court to find that Defendants breached the restrictive covenant.

### D. Tort Claims

Plaintiff brings claims under Article 1802 of Puerto Rico's Civil Code, P.R. Laws Ann. tit. 31, § 5141 ("Article 1802"), based on Defendants' act of building the existing structures and of threatening to build the new structures. Defendants argue that said claims fail because the Article 1802 claim based on the existing

---

6. In his opposition, Plaintiff requests an injunction for the alleged breach of contract. The Court will not consider Plaintiff's request at this time since an opposition to a motion to dismiss is not the appropriate time to raise said issue.

CIVIL NO. 09-1895 (JP)            -14-

structures is time-barred and because the Article 1802 claim based on the proposed structures fails to state a cause of action.

Under Article 1802, the recovery of tort damages requires that a defendant "by [] act or omission cause[] damage to another through fault or negligence[.]" P.R. Laws Ann. tit. 31, § 5141. Said Article establishes three elements for a tort claim: (1) a negligent or intentional act or omission; (2) damages; and (3) a causal nexus between the damages and the defendant's act or omission. See Vázquez-Filippetti v. Banco Popular de Puerto Rico, 504 F.3d 43, 49 (1st Cir. 2007); Torres v. Kmart Corp., 233 F. Supp. 2d 273, 277-78 (D.P.R. 2002).

### 1. *Existing Structures*

Defendants argue that Plaintiff's Article 1802 claims based on the existing structures are time-barred because, at the time the complaint was filed, more than one year had elapsed since Plaintiff became aware of the existing structures which Plaintiff claims are causing him damages. Plaintiff counters that the correct statute of limitations is fifteen years and therefore his claim is not time-barred.

#### a. Statute of Limitations

With regard to the Article 1802 claim, the parties dispute whether the applicable statute of limitations in this case is one year or fifteen years. Plaintiff argues that the Puerto Rico Supreme Court decision in Rosario Quiñones v. Municipio de Ponce, 92 D.P.R.

586 (1965), decided that tort claims which arise from breach of contracts have a fifteen year statute of limitation.

Plaintiff's interpretation of the Rosario Quiñones decision is incorrect. In Rosario Quiñones, the Puerto Rico Supreme Court stated that a fifteen year statute of limitations would apply to actions requesting damages for breach of contracts brought under Articles 1054 and 1060 of Puerto Rico's Civil Code, P.R. Laws. Ann. tit. 31, §§ 3018 and 3024. Rosario Quiñones, 92 D.P.R. at 590-96. On the other hand, actions brought under Article 1802 are governed by the one year statute of limitations. Id. at 594. Since Plaintiff brought his cause of action under Article 1802, the Court finds that the applicable statute of limitations is one year.

### b. Plaintiff's Action is Time-Barred

Article 1802 actions have a one year limitations period. P.R. Laws. Ann. tit. 31, § 5298. A cause of action under Article 1802 accrues "when the injured party knew or should have known of the injury and of the likely identity of the tortfeasor." Tokyo Marine & Fire Ins. Co., Ltd., v. Pérez & Cía. de Puerto Rico, Inc., 142 F.3d 1, 3 (1st Cir. 1998).

Taking Plaintiff's allegations as true, the Court finds that Plaintiff's Article 1802 claim based on the existing structures is time-barred. In his complaint, Plaintiff states that, after his wife passed away in 1992 and prior to revisiting the plans to build a house on the lot in January 2007, he occasionally visited Palmas del

CIVIL NO. 09-1895 (JP)          -16-

Mar and noticed that Hurwitz had allegedly breached the restrictive covenant by cementing over a portion of the green area in front of Hurwitz's residence to build a pool and gazebo.  As such, at the latest, Plaintiff Kolker became aware of the alleged breaches in January 2007.  Since Plaintiff did not file the instant complaint until September 2009, the Court finds that the one year statute of limitations expired prior to Plaintiff initiating this action.

### *2. Proposed Structures*

To succeed on his Article 1802 claims, Plaintiff must show that: (1) there was some negligent or intentional act or omission; (2) he suffered damages; and (3) there is a causal nexus between the damages and the defendant's act or omission.  See Vázquez-Filippetti, 504 F.3d at 49; Torres, 233 F. Supp. 2d at 277-78.

Defendants argue that Plaintiff has failed to state a cause of action for any Article 1802 claim based on Defendants' alleged threat of building the proposed structures because Plaintiff has suffered no damages.  Plaintiff argues that under the Puerto Rico Supreme Court decision in Reyes v. Sucn. Sánchez Soto, 98 D.P.R. 305, 310 (1970), he has properly stated a cause of action.

After considering the arguments, the Court determines that Plaintiff's Article 1802 claim based on the proposed structures fails. Contrary to Plaintiff's contention, the Reyes decision in no way supports Plaintiff's contention that he has suffered damages by virtue of Defendants' proposal to build the structures.  Put simply,

CIVIL NO. 09-1895 (JP)          -17-

Plaintiff has suffered no damages at this point since Defendants have only proposed to build the new structures.

Accordingly, the Court finds that Plaintiff has failed to state a cause of action for his Article 1802 claims.

### E.   Allegations Against Individual Defendants

In their motion to dismiss, Defendants argue that no allegations of acts or omissions giving rise to liability are made against Defendants Jaime Morgan-Stubbe, Jochefi Morgan, and PDMPI. With regard to the claims against Defendants Jaime Morgan-Stubbe and Jochefi Morgan, the Court agrees with Defendants that no acts or omissions are alleged to have been committed by said Defendants in relation to Plaintiff's claims for breach of the restrictive covenant and for violation of Section 3.05.  In fact, the only allegation against Jaime Morgan-Stubbe is that he was present at a meeting between Plaintiff Kolker and Hurwitz.  As such, the Court will dismiss the claims against Defendants Jaime Morgan-Stubbe, Jochefi Morgan and the conjugal partnership formed between them.

However, the Court determines that Plaintiff has alleged sufficient acts by Defendant PDMPI in relation to Plaintiff's claims for violation of Section 3.05. Specifically, Plaintiff stated in his complaint that Defendant PDMPI drew up plans for the proposed structures which if built would allegedly violate Section 3.05. Based on said allegation, the Court finds that Plaintiff has stated a cause of action against Defendant PDMPI.

CIVIL NO. 09-1895 (JP)          -18-

## IV. CONCLUSION

Thus, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' motion to dismiss.[7] The Court will enter a separate partial judgment dismissing: (1) all the claims against Defendants Jaime Morgan-Stubbe, Jochefi Morgan and the conjugal partnership formed between them; (2) Plaintiff's claims for a declaratory judgment; (3) Plaintiff's Article 1802 claims; and (4) Plaintiff's Section 72(a) claim based on the alleged violation of the restrictive covenant.

Still pending before the Court are Plaintiff's breach of contract claims against Defendants Surfside and PDMPI, and his Section 72(a) claims based on the alleged violation of Section 3.05 against Defendants Surfside and PDMPI.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 28th day of January, 2011.

                                              s/José Antonio Fusté
                                              JOSÉ ANTONIO FUSTÉ
                                          CHIEF U.S. DISTRICT JUDGE

---

7. In light of the Court's decision that Plaintiff has properly stated some of his causes of actions, Defendants' motion for attorney's fees is hereby **DENIED**.