IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

PAUL KOLKER,

        Plaintiff

        v.                    CIVIL NO. 09-1895 (JP)

CHARLES HURWITZ, et al.,

        Defendants

---

## OPINION AND ORDER

Before the Court is Plaintiff Paul Kolker's ("Kolker") motion to strike or, in the alternative, to dismiss (**No. 99**) the counterclaims asserted by Defendants, and Defendants' opposition thereto (No. 100). For the reasons stated herein, said motion is hereby **DENIED**.

### I.

### DEFENDANTS' FACTUAL ALLEGATIONS

Surfside Development Corporation ("Surfside") alleges that its property is across the street from Kolker's, on a cul-de-sac at Surfside's development. Between the two properties is an area roughly divided by a ditch or gully (the "gully area") which gradually descends toward the Atlantic Ocean. Part of the gully area is adjacent to Kolker's property. The other part is adjacent to Surfside's property.

CIVIL NO. 09-1895 (JP)          -2-

Defendants allege that, in or around January 2007, Surfside considered the possibility of building certain structures on the part of the gully area adjacent to Kolker's property. Pursuant to the terms of the deed constituting/governing said area, Surfside sought the consent of the owners of the five properties closest to the Surfside property, including Kolker, to build the structures. The other four owners allegedly consented to said construction.

Acting on Surfside's behalf, Charles Hurwitz allegedly contacted Kolker to obtain his consent for the proposed structures. Surfside at all times wished to avoid a potential neighbor dispute. Defendants allege that Kolker expressed that Surfside could develop the structures as long as they did not impair or block the view from his property, although Kolker's property remains completely undeveloped after more than twenty five years have passed since Kolker purchased it. Kolker said that Surfside should contact his architect, Evelio Pina ("Pina"), to discuss the particulars of the project.

Surfside alleges that it engaged architectural and engineering services to assist in planning and designing the structures to meet Kolker's request that the structures not block the view from his undeveloped parcel. As directed by Kolker, Surfside met with Pina, who confirmed that, as planned, the structures would not impair or block the view from Kolker's property.

CIVIL NO. 09-1895 (JP)          -3-

Defendants allege that Kolker nevertheless claimed not to be entirely satisfied with the proposed plan for the structures. Induced by Kolker's representations that Surfside could develop the structures as long as they did not impair or block the view from his property, Surfside alleges that it commissioned further studies and work, and invested time, effort and money to come up with a plan for the structures that would meet Kolker's request.

Surfside allegedly then proposed to develop the structures on the part of the gully area adjacent to its property, rather than on the section adjacent to Kolker's. Again, Kolker allegedly reassured Surfside that it could develop the structures as long as they did not impair or block the view from his property. To that end, the parties' attorneys also engaged in substantive, specific discussions concerning the intended construction and met with Surfside's architect, Thomas Marvel ("Marvel"), to consider the new location and scope of the proposed project. It was allegedly then agreed to have a follow-up meeting onsite, so Marvel could show Kolker where the proposed structures would be located, and how these would not impair or block the view from Kolker's property.

The follow-up meeting was held at Surfside on September 3, 2009. At the meeting, Surfside alleges that it fully addressed the points raised thereat by Kolker. Kolker contributed with ideas regarding the specifics of the project and again reassured Surfside that it could

CIVIL NO. 09-1895 (JP)            -4-

develop the structures as long as they did not impair or block the view from his property. It was not possible to have available at the meeting the specific sketches or drawings for the proposed structures. As a result, Surfside alleges that it was agreed that Surfside would submit said sketches or drawings to Kolker for him to confirm that the structures would not impair or obstruct the view from his property, and Surfside would then proceed with the intended construction. However, to Surfside's surprise, Kolker filed this lawsuit the day after that meeting.

## II.

### LEGAL STANDARD FOR A MOTION TO DISMISS

According to the Supreme Court, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955, 1969 (2007). As such, in order to survive a motion to dismiss, a complaint must state a claim to relief that is plausible on its face, not merely conceivable. <u>Id.</u> at 1974. The Court of Appeal for the First Circuit has interpreted <u>Twombly</u> as sounding the death knell for the oft-quoted language of <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Rodríguez-Ortiz v. Margo Caribe,</u>

CIVIL NO. 09-1895 (JP)              -5-

Inc., 490 F.3d 92, 94-95 (1st Cir. 2007) (quoting Twombly, 127 S. Ct. at 1969).   Still, a court must draw all reasonable inferences in favor of the non moving party and accept all well-pleaded facts in the complaint as true. Sanchez v. Pereira-Castillo, 590 F.3d 31, 36 (1st Cir. 2009).

### III.

### ANALYSIS

Plaintiff moves for the Court to strike and/or dismiss Defendants' counterclaims. Specifically, Plaintiff argues that Defendants' counterclaims are untimely and therefore should be stricken. In the alternative, Plaintiff states that the Court should dismiss the breach of contract counterclaim because Defendants failed to adequately plead the existence of a contract and the tort claim because it is time-barred. Defendants oppose the arguments. The Court will now consider Plaintiff's arguments.

### A.   Motion to Strike

In the instant case, the Court ordered Defendants to file their responsive pleading on or before February 24, 2011 (No. 89). On February 24, 2011, Defendants filed their answer (No. 90). No counterclaims were asserted in the answer. However, on March 17, 2011, Defendants, without requesting leave of Court, filed an amended answer to the complaint and asserted counterclaims against Plaintiff (No. 91). Thereafter, Plaintiff filed the instant motion arguing that

CIVIL NO. 09-1895 (JP)          -6-

the counterclaims were untimely under Fed. R. Civ. P. 13(a) because Defendants did not assert said counterclaims when they originally answered Plaintiff's complaint.

After considering the argument, the Court finds Plaintiff's argument unpersuasive. Under the Federal Rules of Civil Procedure, "[a] party may amend its pleading **once as a matter of course** within . . . 21 days after serving it[.]" Fed. R. Civ. P. 15(a)(1) (emphasis added). A party would be required to request leave to amend the pleading or acquire the written consent of the opposing party if the party had previously amended its pleading and/or if the 21 day period had expired. See Fed. R. Civ. P. 15(a)(2).

Here, Defendants amended their answer within the 21 day period allotted by the rules. Also, Defendants had not previously amended their responsive pleading. As such, Defendants were entitled to amend their answer as a matter of right and include the counterclaims. Accordingly, Plaintiff's motion to strike is hereby **DENIED**.

**B.   Motion to Dismiss**

Plaintiff states that the Court should dismiss the breach of contract counterclaim because Defendant failed to properly plead the existence of a contract and the tort claim because it is time-barred.

**1.   Breach of Contract Counterclaim**

"Under Puerto Rico law, a contract has three elements: consent, a definitive (and legal) object, and consideration." Citibank Global

CIVIL NO. 09-1895 (JP)            -7-

Markets, Inc. v. Rodriquez-Santana, 573 F.3d 17, 24 (1st Cir. 2009) (citing P.R. Laws Ann. tit. 31, § 3391; Quinones-Lopez v. Manzano-Posas, 141 D.P.R. 139 (1996)). Plaintiff argues that Defendants' breach of contract counterclaim fails because Defendants failed to plead sufficient facts to meet any of the three elements of a valid contract.

### a. Consent

"Consent is shown by the concurrence of the offer and acceptance of the thing and the cause which are to constitute the contract." P.R. Laws Ann. tit. 31, § 3401. Plaintiff argues that Defendants' counterclaim should be dismissed because Defendants did not plead the required meeting of the minds to establish offer and acceptance. Said arguments fails. In the instant case, Defendants alleged that Charles Hurwitz contacted Plaintiff on Defendant Surfside's behalf and that Plaintiff stated that Surfside could develop the desired structures as long as they did not impair or block the view from his property. Said allegations support a finding that Defendants alleged a meeting of the minds in which Plaintiff consented to the proposed new improvements on the condition that they did not block his view. Thus, the Court finds that Defendants have pleaded sufficient facts to support the consent element.

CIVIL NO. 09-1895 (JP)          -8-

### b.   Definitive Object

"The object of every contract must be a thing determined with regard to its kind." P.R. Laws Ann. tit. 31, § 3423. Plaintiff argues that there was no definitive object to the contract because there was no description of the specific construction and on the specific area where said construction would take place.

After considering the argument, the Court disagrees with Plaintiff. Defendants alleged Plaintiff and Defendants "entered into a contract pursuant to which Kolker gave his consent for Surfside to build the proposed structures, subject to the condition precedent . . . that the structures did not impair or block the view from [Kolker's] property[]" (No. 91, p.13 ¶17). Based on said allegation, the Court finds that the object of the contract was the right to build new improvements which would not block Plaintiff's view from his property. While the exact characteristics of the proposed construction were not completely decided, the Court finds that the proposed project was sufficiently determined to support the existence of a contract. Thus, the Court finds that Defendants pleaded sufficient facts to support the definitive object element.

### c.   Consideration

"Contracts without consideration . . . have no effect whatsoever." P.R. Laws Ann. tit. 31, § 3432. Plaintiff argues that there was no valid contract because Defendants offered Plaintiff no

CIVIL NO. 09-1895 (JP)              -9-

consideration. Said argument fails. Under Puerto Rico law, it is presumed that consideration exists and is legal until proven otherwise. P.R. Laws Ann. tit. 31, § 3434. At the motion to dismiss stage, Plaintiff cannot prove that there was no consideration.

Moreover, under Puerto Rico law, mere liberality or a detriment to the other party can be sufficient consideration for a contract. P.R. Laws Ann. tit. 31, § 3431; Westernbank Puerto Rico v. Kachkar, 2009 WL 6337949 at *35 (D.P.R. Dec. 10, 2009) (citing Bennett v. Boschetti, 31 P.R.R. 809, 814 (1923)). Here, Plaintiff's mere liberality is sufficient consideration and so is the detriment to Defendants that any new improvements will have to conform to certain limitations in order to not block Plaintiff's view. Defendants have also incurred in additional expenses while relying on Plaintiff's alleged consent for Defendants to develop new improvements as long as these do not block Plaintiff's view. Therefore, Defendants have alleged sufficient facts to support the consideration element.[1]

Accordingly, the Court finds that Defendants have alleged sufficient facts to support a finding that there was a valid contract between Plaintiff and Defendants.

---

[1] The Court notes that Plaintiff's reliance on Mercado v. Mercado, 66 D.P.R. 38 (1946) is unpersuasive because, if anything, said case supports a finding that there was sufficient consideration in this case.

CIVIL NO. 09-1895 (JP)          -10-

### 2. Tort Counterclaim

Plaintiff argues that the tort counterclaim, filed on March 17, 2011, is time-barred because it was filed over one year after the alleged incidents giving rise to the counterclaim. Plaintiff also restates his arguments from the motion to strike that the compulsory counterclaim would have been timely only if it had been asserted when Defendants filed their original answer.

Plaintiff's argument fails. It is well settled that the filing of a complaint tolls the limitations period for any compulsory counterclaims based on the same transaction or occurrence. See, e.g., Bonilla v. Trebol Motors Corp., 913 F. Supp. 655, 660 (D.P.R. 1995). In the instant case, Plaintiff's filing of the complaint tolled the statute of limitations for the compulsory counterclaims that Defendants are asserting. Also, as explained in the motion to strike section of this Opinion and Order, Defendants' amendment of the answer to assert counterclaims has no effect on the timeliness of the counterclaims in this case because Defendants could amend their pleading without leave of Court. As such, Plaintiff's argument fails.

Accordingly, the Court hereby **DENIES** Plaintiff's motion to dismiss Defendants' counterclaims.

CIVIL NO. 09-1895 (JP)          -11-

## IV.

### CONCLUSION

Thus, the Court **DENIES** Plaintiff's motion to strike and/or dismiss Defendants' counterclaims.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 14th day of October, 2011.


                                    S/JOSE ANTONIO FUSTE
                                     JOSE ANTONIO FUSTE
                                 UNITED STATES DISTRICT JUDGE